UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHN ADAMS ANDREWS,<br>　　　　Plaintiff,<br>　　v.<br>WARDEN,<br>　　　　Defendant. | Case No. 23-cv-01445-JST<br><br>**ORDER DENYING REQUESTS TO REOPEN CASE**<br>Re: ECF Nos. 11, 12 |

On or about March 23, 2023, Petitioner filed this *pro se* petition for a writ of habeas corpus. ECF No. 1. On March 28, 2023, the Clerk of the Court informed Petitioner that this action was deficient because Petitioner had not paid the filing fee or filed an application to proceed *in forma pauperis*, and instructed Petitioner to correct this deficiency by May 5, 2023. ECF No. 4. The Court provided Petitioner with copies of the Court's *in forma pauperis* application. *Id.* On May 22, 2023, the Court dismissed this action without prejudice because Petitioner had neither paid the filing fee nor filed an application to proceed *in forma pauperis*, and entered judgment in favor of Respondent. ECF Nos. 9, 10. Now pending before the Court are Petitioner's request to reopen the case. ECF Nos. 11, 12.

In his motion titled, "Motion to Reopen Action," dated May 29, 2023, Petitioner states that he has twice sent the Court a $5.00 check to pay the filing fee, despite his objection to the filing fee requirement, arguing that habeas actions are not civil actions for the purpose of the Prison Litigation Reform Act ("PLRA") and that therefore he is not obligated to pay a filing fee. ECF No. 11. In his motion titled "Motion to Vacate Order, and Writ of Mandate, and Objection to Filing Fee Obligation and Submition of IFP Pleadings; and Motion for Reconsideration in the Interest of Justice," Petitioner again states that he has twice attempted to pay the $5.00 filing fee;

and argues that the Court erred in dismissing the action for failure to pay the filing fee or submit an *in forma pauperis* application because neither is required under federal law; and that he seeks a writ of mandate compelling this Court to vacate the dismissal and judgment and consider his habeas petition. ECF No. 12.

As an initial matter, although Petitioner is correct that the Prison Litigation Reform Act ("PLRA") does not govern habeas petitions, Petitioner is incorrect that federal law does not require him to pay a filing fee when filing a habeas petition. 28 U.S.C. § 1914 requires the clerk of each district court to require parties instituting a habeas corpus action to pay a $5 filing fee, and allows the district court to require advance payment of fees. 28 U.S.C. § 1914(a), (c). The PLRA allows plaintiffs proceeding *in forma pauperis* to proceed without prepayment of fees, 28 U.S.C. § 1915(a), but requires those plaintiffs to ultimately pay the full filing fee, whether paid in advance or in installments over time, 28 U.S.C. § 1915(b). That 28 U.S.C. § 1915(b) does not apply merely means that should Petitioner be granted leave to proceed *in forma pauperis*, he need not pay the $5 filing fee. The Court has not received any payments from Petitioner, and Petitioner does not seek to proceed *in forma pauperis*. Accordingly, Petitioner's requests to reopen this action are DENIED for failure to pay the filing fee, which is a pre-requisite to commencing an action in this Court. 28 U.S.C. § 1914. This denial is without prejudice to Petitioner filing a renewed motion to reopen, accompanied by either the full filing fee or a completed *in forma pauperis* application. The Clerk is directed to send Petitioner a copy of the Court's *in forma pauperis* application along with this order.

This order terminates ECF Nos. 11, 12. This case remains closed.

**IT IS SO ORDERED.**

Dated: March 15, 2024

_____
JON S. TIGAR
United States District Judge